## ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COM-
## PANY
## v.
## DELLA HAWKINS.

*Railroads—Liability for Injury to Contents of Trunk—Evidence—Instructions—Practice.*

1. While it is the duty of a court, under the statute, to mark all instructions read to the jury, " Given," failure to do so in case of instructions shown to have been given, the omission working no harm, can not be complained of.

2. In the absence of proof to the contrary, the presumption is that the trunk of a passenger will arrive at his destination the same time he does, both starting upon a given trip at the same time.

3. The delivery of a check by a railroad company in exchange for one given thereto, is *prima facie* evidence of the receipt by it of certain baggage, and that the same was in good order. This presumption may be overcome as to its condition by evidence to the contrary.

4. To release such company from liability for damage to such baggage, it must show that it was in substantially the same condition when delivered to its owner, as when received by it.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Perry County; the Hon. W. H. SNYDER, Judge, presiding.

Appellee, September 26, 1888, bought a ticket at Santa Anna, California, for St. Louis, and received a through check to St. Louis for her trunk. She arrived in St. Louis Thursday afternoon, October 4, 1888, and went at once to the office of appellant and bought a ticket to Tamaroa and exchanged the check she held for her trunk for the check of appellant. She left St. Louis Thursday evening on a train on appellant's road and reached Tamaroa Friday morning. Her trunk reached Tamaroa Saturday evening, October 6th. There was dry mud on the outside of the trunk, covering the front of the trunk and part of the ends and top, and when opened it was found full of muddy water and the contents damaged to

the amount of $100. It is not shown when the trunk reached St. Louis. The baggage-man on the train that carried the trunk on appellant's road, says he received it on his car in St. Louis a few minutes before 3:45 P. M., October 5th. It is shown that there was mud on the outside of the trunk; nothing else, apparently, was wrong about it. It was not marked as in bad order until it came into the possession of the baggage-man of the Wabash, Chester & Western Railroad, at Pinckneyville. It is shown that the trunk was not damaged after it left St. Louis. Plaintiff below recovered a judgment for $100, and the railroad company prosecutes this appeal.

Mr. R. W. S. Wheatley, for appellant.

Mr. S. Y. Hawkins, for appellee.

Reeves, J. The delivery of the check to appellee by appellant was *prima facie* evidence, not only of the delivery of the trunk to appellant, but also that it was in good order when received. This *prima facie* case could be overcome, as to the condition of the trunk, by proof showing that it was not in good order when received by appellant; by showing that it was in the same condition when received by appellant as when delivered to appellee at Tamaroa. There is no proof as to the time the trunk arrived in St. Louis, or when it came into the possession of appellant. It is shown that appellee arrived in St. Louis on Thursday afternoon, October 4th; the presumption would be in the absence of proof, that her trunk reached St. Louis at the same time she did. The first time that the evidence touches the trunk after its arrival in St. Louis is when it was received by the baggage-man on the train of appellant, a few minutes before 3:45 P. M., Friday, October 5th. How long before that it came into the possession of appellant is not shown. What happened to the trunk during that time is not shown. To relieve appellant from liability for the damage to the contents of the trunk, it should appear that it was in the same condition when it first received the trunk, as when delivered to appellee at Tamaroa; this the evidence does not show.

It is further urged that the evidence does not disclose that

the contents of the trunk were proper articles of baggage. The contents are spoken of by appellee as her clothing, and mentions particularly a cloak. Another witness speaks of the contents as garments. No objection was urged below upon this point, and we think the evidence tends clearly to show that the trunk contained appellee's wearing apparel.

It is said that certain instructions for the plaintiff below, copied into the bill of exceptions, are not marked "given." The record recites, "and thereupon the court gave to the jury, on behalf of plaintiff, the following instructions," and then copies plaintiff's instructions, including those not marked "given." It is clear from the record that these instructions were given by the court to the jury, and while it is the duty of the court under the statute to mark all instructions read to the jury "given," an omission, such as occurred in this case, could work no injury to any one. The fourth instruction is awkwardly drawn and not clearly intelligible; still we can see that appellant was not injuriously affected by it. The evidence does show that appellee bought her ticket over appellant's railroad, and Wabash, Chester & Western Railroad, to Tamaroa, and received a check for her baggage through, and that it was a joint check for both roads.

The sixth instruction tells the jury, in effect, that it was incumbent on appellant to relieve itself from the liability arising upon the *prima facie* case made by plaintiff, to show that the trunk was in a damaged condition when it received it, and was not damaged while in its possession, and further that if appellant received the trunk from the road to whom the check received from plaintiff was surrendered as in good condition, when it was in bad condition, this was negligence on the part of the appellant. The latter clause of this instruction should not have been given, but quite a number of defendant's instructions clearly and pointedly counteract any injurious effect that could have been done by this latter clause of plaintiff's sixth instruction.

While the record in this case is not free from error, we do not find upon the whole record such error as should reverse the case. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*